J-S23044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHAWN C.H. & MELODY BARON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON W. & KAMELA J. DUNAJA | : | No. 216 MDA 2022 |

Appeal from the Order Entered January 10, 2022
In the Court of Common Pleas of York County
Civil Division at No(s): 2020-SU-000818

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:             **FILED: DECEMBER 1, 2022**

In this case about the scope and applicability of an easement as it pertains to a stone structure and/or sign, Shawn C.H. and Melody Baron (Appellants) appeal from the order that granted Jason W. and Kamela J. Dunaja's (Appellees) motion for summary judgment. In that order, the lower court dismissed the Appellants' complaint in trespass and further entered a declaratory judgment in favor of the Appellees. On appeal, Appellants chiefly contend that there has been a misinterpretation of the easement governing Appellees' use of the Appellants' property. As such, granting Appellees' motion for summary judgment was in error. We affirm.

Stated succinctly,

> [a]t some time, either in late 2017 or the middle of 2018, a stone structure was erected on [Appellants'] property, at 14017

_____

* Retired Senior Judge assigned to the Superior Court.

Pleasant Valley Road, Glen Rock, PA 17327. [Appellants'] property is subject to an [e]asement in favor of [Appellees'] property, situated adjacent to [the Appellants], at the address of 14140 West Bricker Court, Glen Rock, PA 17327. That [e]asement exists to allow [Appellees] to access their property[] and has been in place between the properties for over 60 years. The structure is roughly 10 feet tall[] and bears a sign indicating that at the end of the road – which also occupies space in the easement and which is undisputed – is the location of [Appellees'] property and residence.

Lower Court Opinion, filed 1/10/22, at 1-2 (unpaginated) (citations to the record omitted). In relevant part, the easement, drafted in 1959, establishes in favor of the Appellees, as current property owners of the dominant estate:

[f]ull and free right and liberty for the [Grantees as well as all of their heirs and assigns] and their tenants, servants, visitors and licensees, in common with all other having the like right, including the Grantors herein, their heirs and assigns, at all times hereafter, with or without horses, cattle, or other animals, carts, automobiles, trucks, farm equipment or other vehicles of any description, for all purposes connected with the use and enjoyment of the land of the Grantees herein for whatever purpose the land may be from time to time lawfully used and enjoyed, to pass and repass over and along a certain private lane extending over and composed of the following [description of the land in Shrewsbury Township, York County, Pennsylvania.]

Complaint, filed 3/11/20, Ex. C, Right-of-Way Grant. The easement also requires the Appellees to maintain and assume safety-related responsibility of a bridge adjacent to where the modern-day structure currently stands. **See id**.

After the Appellants filed their complaint asserting a singular count in trespass, the Appellees, following some level of discovery, filed an amended motion for summary judgment. The corresponding order granting that motion is the basis for the present appeal. *Inter alia,* the lower court concluded that

the easement identified, *supra*, "permits the construction of a structure such as the one here at issue, on the face of its text alone." Lower Court Opinion, filed 1/10/22, at 2 (unpaginated).

Appellants filed a timely notice of appeal from the court's determination, and the relevant parties have complied with their obligations under Pennsylvania Rule of Appellate Procedure 1925. Therefore, this matter is ripe for review.

In their statement of questions involved, Appellants raise three questions. In particular, one of those questions asks whether the lower court erred "by determining that … Appellants were time-barred by a statute of limitations for a permanent trespass and not a continuing trespass?" Appellants' Brief, at 6. However, the brief is devoid of any further reference to the statute of limitations, explicitly or otherwise. In fact, Appellants' brief only contains one heading in the five-page argument section, asserting that the trial court erred in its interpretation of the easement vis-à-vis the structure on their property. **See id.**, at 11. Consequently, Appellants have waived this issue. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (indicating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

We consider Appellants' remaining two questions in tandem, as they inherently implicate the same concerns: did the lower court rule incorrectly

when it granted Appellees' motion for summary judgment and, too, granted a declaratory judgment in favor of the Appellees? **See** Appellant's Brief, at 6.

Preliminarily, we note our well-settled standard of review of orders granting summary judgment:

> In reviewing a grant of summary judgment, the Court's standard of review is *de novo* and our scope of review is plenary. A trial court should grant summary judgment only in cases where the record contains no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. The moving party has the burden to demonstrate the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences in a light most favorable to the non-moving party. The trial court is further required to resolve any doubts as to the existence of a genuine issue of material fact against the moving party and may grant summary judgment only where the right to such a judgment is clear and free from doubt. . . . An appellate court may reverse a grant of summary judgment only if the trial court erred in its application of the law or abused its discretion.

**Bourgeois v. Snow Time, Inc.**, 242 A.3d 637, 649-50 (Pa. 2020) (internal citations and quotation marks omitted).

Distilled down, Appellants' sole argument is that the erection of a permanent structure on their property surpasses anything permissible under the easement's language. That easement, as written, "was clearly designed and in place to allow only ingress and egress to Appellees' property." Appellant's Brief, at 12. To the Appellants, the easement's "references to allowing various types of items or vehicles to traverse [their] property is demonstrative of the original Grantors['] intention to allow ingress and egress, not for the then-Grantee to build and install anything on the original

- 4 -

Grantors[`] land unrelated to ingress and egress." *Id.* The Appellants then concede, however, that the structure, itself, identifies the Appellees' property, but stresses that such an indicator "could be accomplished with a traditional mailbox." *Id*.

An easement is to be interpreted in the same manner as one would construe a contract. "In ascertaining the scope of an easement, the intention of the parties must be advanced. Such intention of the parties is determined by a fair interpretation and construction of the grant and may be shown by the words employed construed with reference to the attending circumstances known to the parties at the time the grant was made." *McNaughton Properties, LP v. Barr*, 981 A.2d 222, 227 (Pa. Super. 2009) (citation and brackets omitted). "[I]f an easement is used for any purpose inconsistent with that for which it was granted, the grantee becomes a trespasser to the extent of the unauthorized use." *Smith v. Fulkroad*, 451 A.2d 738, 740-41 (Pa. Super. 1982) (citation omitted).

With Appellants being the non-moving party, they believe that the easement's lack of reference to the Appellees' ability to install a structure "not connected to ingress and egress within the easement area," Appellant's Brief, at 15, at a minimum, is a dispute inappropriate for a determination on summary judgment. Moreover, "Appellees' structure is entirely unnecessary in relation to Appellee[]s[`] use and enjoyment of their land. If Appellees[] need to identify their property for whatever reason or reasons, such

identification can be made in a much less intrusive manner." **Id**.

The court, in its interpretation, concluded that the structure built on the Appellants' property fit within the easement's language. **See** Lower Court Opinion, filed 1/10/22, at 4 (unpaginated). It noted that the easement contemplates "all purposes connected with the use and enjoyment of the land[.]" Lower Court 1925(a) Opinion, filed 3/15/22, at 2-3. In dicta, the court identified "numerous reasons why a sign posting the location of a given address is necessary to achieve the goals of the [e]asement, both in terms of facilitating the ingress and egress needs the [e]asement serves, but also in facilitating the safety and responsibility goals of the [e]asement itself." Lower Court Opinion, filed 1/10/22, at 4 (unpaginated) (acknowledging several of the arguments raised by Appellees, but "not explicitly rel[ying] on [those arguments] as a factual basis for [its] opinion"). The court further wrote that the structure "is an architecturally appropriate marker, styled after the bridge previously existing. It is close to the driveway to as not [to] unnecessarily intrude on [Appellants'] land. It provides an appropriate indication of the address and occupants." Lower Court 1925(a) Opinion, filed 3/15/22, at 3.

The Appellants acknowledge that Appellees must be provided some ability to identify their property number, which, given the spatial orientation of the properties, necessarily implicates the land governed by the easement. Although not relied upon by the lower court, Shrewsbury Township's ordinances require dwellings that are more than fifty feet from a public road,

such as the Appellees' property here, to have a sign "in a conspicuous location near to the juncture of the driveway providing vehicular access to [the] dwelling … and the public road." Shrewsbury Township Ordinance, § 4-105. If one fails to maintain a street numbering sign, it is considered an unlawful act. *See id*., at § 4-102.

We agree with the lower court's finding that the Appellees placing a sign designating the name and number of their residence clearly falls under the auspice of the Appellees' use and enjoyment of their land. Such an action is allowed without limitation under the easement's plain language, provided that there is a nexus to the land that has been precisely defined, and Appellants have presented nothing that could result in a conclusion to the contrary. Here, it is not in dispute as to whether the sign was placed on land governed by the easement.

The Appellants' apparent concession that a smaller address-designating sign or mailbox *would* be permitted further undercuts their contention that the current structure is not permitted. In addition, when juxtaposed against the aforementioned local ordinance, the Appellees *must* have some property identifier that happens to be on land covered by the easement.

Despite Appellants' vehement protestations to the present structure's very existence, they have provided no authority to demonstrate that its presence is unlawfully large or illegally intrudes upon their own ability to enjoy or maintain their land. Moreover, Appellants' desire to have the Appellees

identify their property, if necessary, in "a much less intrusive manner," Appellant's Brief, at 15, is, simply put, either a completely bald assertion or predicated on some nebulous conception of what constitutes an appropriately-sized structure. To that point, advancing such an argument necessarily implies that the Appellants would be content, or at least less hostile, towards something with a smaller physical footprint. Without anything to distinguish the appropriateness of the sign's size, we are left to rely on the lower court's determination, which found the sign's erection to not only be permitted under the express language of the easement, but completely necessary for the full use and enjoyment of the Appellees' land.

Even through resolving all inferences in favor of the Appellants, they have provided no basis to conclude that the Appellees have exceeded the authority given to them by the easement. As such, because it was not in error or an abuse of discretion for the lower court to grant Appellees' motion for summary judgment and further grant a declaratory judgment in their favor, we affirm the lower court's order.

Order affirmed.

Judge Stabile joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/01/2022